Filed 5/28/21  P. v. Turney CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLINTON ALFRED TURNEY,<br><br>    Defendant and Appellant. | H046292<br>(Santa Cruz County<br>Super. Ct. No. 18CR02023) |

## I.    INTRODUCTION

Defendant Clinton Alfred Turney appeals after a jury found him guilty of making criminal threats (Pen. Code, § 422)[1] and he admitted the allegations that he had a prior serious felony conviction (§ 667, subd. (a)(1)), a prior strike conviction (§ 667, subds. (b)-(i)), and a prior prison term (§ 667.5, subd. (b)).  The trial court sentenced defendant to nine years in prison.

Defendant contends that the prior prison term allegation must be stricken; the matter must be remanded to allow the trial court to exercise its newly enacted discretion to strike the prior serious felony allegation; and the matter should be remanded for the trial court to strike an error in the probation report.  The Attorney General concedes that the prior prison term enhancement must be stricken but argues that defendant's remaining contentions are without merit.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

For reasons that we will explain, we reverse and remand the matter to the trial court to strike the prior prison term allegation and to determine whether to exercise its discretion to strike the prior serious felony allegation.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Prosecution Case*

Defendant's ex-wife divorced defendant in 2013 after years of primarily verbal abuse.  Defendant also had addiction issues.  Defendant was arrested in 2014 for sending ex-wife threatening letters and making threatening phone calls.  Ex-wife got a domestic violence restraining order against defendant, but defendant continued to send her threatening letters.  Defendant was prosecuted.  The District Attorney notified ex-wife when defendant was released from custody.

In March or April 2017, defendant's ex-wife became aware of defendant's Facebook page.  On January 1, 2018, ex-wife saw several posts dated December 31. "[T]he context [*sic*] of the posts immediately made [her] think they were directed towards [her]."  One of the posts stated, "Hey punk bitch hope your watchen me real close cause im doin this fer you i like to play with my victims before [¶] eat them [¶] FRUIT."  Ex-wife assumed the post was directed to her and that defendant was watching her and trying to scare her.  Defendant had called ex-wife "a punk bitch" throughout their relationship. Another post said, "My retribution check list [¶] White tuxedo, zip ties, load speaker, dull scissors, camcorder, WiFi connection [¶] and a brick!"  Ex-wife thought this was "retribution and how he[] [was] going to kill [her] for putting him away."  Another post stated, "Yes im a dreamer we're ment to be together punk bitch I like bricks alot n they look good on you."  Defendant used to tell ex-wife that he was going to smash her teeth in and "make [her] face a bloody mess with a brick"; defendant threatened to harm her with bricks "all the time."  Some of the posts made ex-wife think that defendant knew where she lived.  Defendant's "relationship status" was "[w]idowed," which concerned

ex-wife because she did not think that defendant had ever remarried and he was "acting as if [she was] already dead."

Ex-wife was concerned defendant would harm her or her family. She thought defendant had moved to Santa Cruz County because of her. Ex-wife was still afraid when she testified at trial.

**B.**    *Defense Case*

The defense rested without presenting evidence.

**C.**    *Charges, Verdicts, and Sentencing*

Defendant was charged with making criminal threats (§ 422). It was also alleged that defendant had a prior serious felony conviction (§ 667, subd. (a)(1)), a prior strike conviction (§ 667, subds. (b)-(i)), and a prior prison term (§ 667.5, subd. (b)).

A jury found defendant guilty of making criminal threats, and defendant admitted the prior conviction and prior prison term allegations. The trial court sentenced defendant to nine years in prison.

### III.    DISCUSSION

**A.**    *Prior Prison Term Enhancement*

Senate Bill No. 136, effective January 1, 2020, amended the prior prison term sentence enhancement under section 667.5, subdivision (b) by limiting its application to prison terms that, unlike defendant's, were served for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). (Stats. 2019, ch. 590, § 1.) The parties agree that the amendment applies retroactively to defendant, and we concur. (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 682.) We will therefore order the prior prison term enhancement under section 667.5, subdivision (b) stricken.[2]

_____

[2] As the parties observe, the trial court erroneously stayed the punishment on the (continued)

**B.** *Prior Serious Felony Enhancement*

Pursuant to section 667, subdivision (a), the trial court imposed a consecutive five-year sentence for defendant's prior serious felony conviction. Defendant contends that the matter must be remanded to give the trial court an opportunity to exercise its newly enacted discretion to strike the enhancement. The Attorney General asserts that remand is not required because the record demonstrates that the trial court would not have struck the enhancement even if it had been authorized to do so.

Effective after defendant was sentenced, Senate Bill No. 1393 amended section 667, subdivision (a), and section 1385, subdivision (b), to allow a trial court to exercise its discretion to strike a prior serious felony conviction for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1-2.) Under the previous version of section 667, the court was required to impose a five-year consecutive term for "[a]ny person convicted of a serious felony who previously has been convicted of a serious felony . . . ." (Former § 667, subd. (a).) The court had no discretion to "strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (Former § 1385, subd. (b).) Senate Bill No. 1393 applies retroactively to nonfinal judgments. (*People v. Stamps* (2020) 9 Cal.5th 685, 699.)

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.]' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*).) When the record shows that the trial court proceeded with sentencing on the assumption that it lacked discretion, remand for resentencing is necessary "unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' [Citations.]"

---

prior prison term enhancement. (See *People v. Haykel* (2002) 96 Cal.App.4th 146, 151 (*Haykel*) [" 'Unless a statute says otherwise, an enhancement may be *imposed or stricken*, but . . . may not be *stayed*' "].)

(*Ibid.*) Thus, we must review the record to determine whether remand is required or if it "would be an idle act." (*People v. Flores* (2020) 9 Cal.5th 371, 432.)

*People v. McVey* (2018) 24 Cal.App.5th 405 (*McVey*) is illustrative of when remand for resentencing would constitute an idle act. There, the trial court chose the maximum term for the firearm enhancement, described the defendant's attitude as " 'pretty haunting,' " and commented that " 'the high term of 10 years on the enhancement is the only appropriate sentence on the enhancement.' " (*Id.* at p. 419.) The Court of Appeal concluded that remand for resentencing under Senate Bill No. 620, which gave trial courts new discretion to strike the firearm enhancement, "would serve no purpose but to squander scarce judicial resources." (*McVey*, *supra*, at p. 419; see also *People v. Jones* (2019) 32 Cal.App.5th 267, 274 [concluding that remand was unnecessary based on the trial court's comment that it had " 'great satisfaction in imposing the very lengthy sentence here today' "].)

The record before us is decidedly less clear. Both parties filed sentencing briefs in the trial court that addressed the upcoming change in the law. Defendant observed that the Governor had signed Senate Bill No. 1393 and asserted that the "dismis[s]al" of the serious felony enhancement would "serve[] the interests of justice." (Bold and capitalization omitted.) Defendant also requested that the trial court strike his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). The prosecution asserted that neither the prior serious felony enhancement nor the prior strike enhancement should be stricken because it was not in the interests of justice to do so.

At sentencing, the trial court stated that it was "trying to follow the law and come up with something that is a just sentence." The court described its sentencing decision as "absolutely a difficult situation for the [c]ourt" and added that "[t]here's not a whole lot [it] can do for [defendant] as far as mitigating the sentence." It denied defendant's *Romero* motion, stating that it did not "find legal cause to strike the strike." Likewise,

regarding the serious felony enhancement, the court did not "find cause to strike punishment on that." However, the court declined to "add any prison prior[]," stating that it was "not going [to] aggravate the sentence."[3] After observing there were "certainly grounds to aggravate the sentence" by imposing the upper term on the substantive offense, the court imposed a midterm sentence of two years, which it doubled under the Three Strikes law, plus a consecutive five-year term for the serious felony enhancement, for a total sentence of nine years. The court concluded that this was "the best [it] can do at this point in the interest of justice."

While the trial court did not state that it lacked discretion to strike the serious felony enhancement, it also did not express an intent to impose the maximum sentence permitted and stated that the nine-year sentence was "the best" it could do "at this point." Thus, "[a]lthough the trial court[] . . . understood that [it] had some discretion in sentencing, the record[] do[es] not clearly indicate that [it] would have imposed the same sentence" had it been legally authorized to strike the prior serious felony enhancement. (*Gutierrez*, *supra*, 58 Cal.4th at p. 1391.)

The Attorney General relies on *People v. Taylor* (2020) 43 Cal.App.5th 1102 (*Taylor*) and *People v. Franks* (2019) 35 Cal.App.5th 883 (*Franks*) to argue that remand is unwarranted because the trial court clearly indicated its intent not to strike the enhancement. In *Taylor*, however, the trial court "discussed the change in the law and said it would 'not be inclined to strike the five-year prior' even if it had discretion. [The defendant] concede[d] the trial court 'announced its disinclination to strike or reduce' the enhancement but argue[d] this was an abuse of discretion." (*Taylor*, *supra*, at pp. 1113-1114.) In *Franks*, the trial court imposed the upper term and "stated on the record that it would not have dismissed defendant's prior serious felony even if it had discretion to do so." (*Franks*, *supra*, at p. 893.) In short, unlike the case at hand, the trial courts in *Taylor*

_____

[3] As we noted above, the trial court was without authority to stay the punishment on the prior prison term enhancement. (See *Haykel*, *supra*, 96 Cal.App.5th at p. 151.)

6

and *Franks* explicitly stated they would not exercise their discretion to strike the enhancement.

Accordingly, we conclude that remand is appropriate to allow the trial court to exercise its discretion regarding whether to strike defendant's prior serious felony conviction for sentencing purposes. We express no opinion on how the court should exercise its discretion.

### C.     *Alleged Factual Error in Probation Report*

Defendant contends that the trial court erred when it denied his request to strike an inaccurate statement in the probation report that pertained to the circumstances of the offense. Defendant concedes that the court did not rely on the statement when it sentenced him, but argues that the inaccuracy could affect his custody conditions and his parole release date. The Attorney General asserts that defendant is not entitled to relief because he has not shown that the statement was inaccurate or that he was prejudiced by the court's failure to strike it.

As relevant here, the probation report indicated in its offense summary, "[Ex-wife] stated that [defendant] informed her in the past that he would make his Facebook profile public and hope she watched him closely, so he could 'play with his victim.' " Defendant objected to the statement at sentencing, asserting that it was "not true in terms of the evidence that [he was] aware of" and that he did not "think that that's an accurate statement of what's in the police report or the testimony." Defendant asked the trial court to strike the statement. The court ruled, "I'll certainly note your objection to that. I'm not prepared to strike that at this point." Defendant responded, "Okay. That's fine."

The probation report stated that its offense summary was based on a Santa Cruz County Sheriff's report. However, the record on appeal does not include the sheriff's report. Thus, we are unable to determine the accuracy of the statement in the probation report and whether the trial court erred when it denied defendant's request to strike it.

"A ' " 'judgment or order of the lower court is presumed correct [, and a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " [Citation.]' " (*In re Julian R.* (2009) 47 Cal.4th 487, 498-499, italics omitted.) " 'This rule derives in part from the presumption of Evidence Code section 664 "that official duty has been regularly performed," ' and thus when 'a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order.' " (*Id*. at p. 499.) It is the appellant's burden to overcome the presumption of correctness by demonstrating, through an adequate record, error requiring reversal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *People v. Tang* (1997) 54 Cal.App.4th 669, 677 [" 'it is defendant's burden on appeal to affirmatively demonstrate error—it will not be presumed' "].)

Because defendant has not provided us with an adequate record to determine whether the trial court erred, we must reject defendant's claim.

## IV.   DISPOSITION

The judgment is reversed. On remand, the trial court is directed to strike the allegation that defendant served a prior prison term (Pen. Code, § 667.5, subd. (b)). At the resentencing hearing, the trial court shall determine whether to exercise its discretion pursuant to Penal Code section 1385 to strike defendant's prior serious felony conviction for the purpose of sentencing him under Penal Code section 667, subdivision (a).

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
DANNER, J.

*People v. Turney*
**H046292**